UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCISCO MUNOZ CABRERA,

      Petitioner,

    v.                         Case No.:  2:26-cv-01384-SPC-NPM

WARDEN, ALLIGATOR
ALCATRAZ *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Francisco Munoz Cabrera's Petition for Writ of Habeas Corpus (Doc. 1)[1] and the government's response (Doc. 5).  For the below reasons, the Court grants the petition.

Munoz Cabrera is a native of Cuba who was paroled into the United States in 2007.  Following a conviction for crimes relating to transportation of stolen vessels, an immigration judge ordered him removed on June 24, 2013.  Munoz Cabrera departed the United States on December 5, 2018.  On January 17, 2019, he reentered the country without inspection, and he was convicted of illegal entry.  After serving a 366-day prison sentence, Munoz Cabrera was released under an order of supervision on February 24, 2020.

---

[1] Munoz Cabrera's brother Lazaro Munoz Cabrera filed the petition as his "next friend."  The respondent objects to her authority to do so.  The Court is satisfied that Lazaro Munoz Cabrera satisfies the requirements for "next friend" standing established in *Whitmore v. Arkansas*, 495 U.S. 149 (1990).

On January 27, 2026, Immigration and Customs Enforcement ("ICE") arrested Munoz Cabrera outside his house. He has been detained at Alligator Alcatraz since then. Munoz Cabrera filed his habeas petition on April 27, 2026, alleging ICE violated his due process rights by arresting and detaining him without notice of the reason or an opportunity to contest it. He also claims removal is not likely in the reasonably foreseeable future. On May 5, 2026, ICE served Munoz Cabrera with a notice of revocation of release and conducted an informal interview.

### A. Revocation of Release

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The notice of revocation of release served on Munoz Cabrera indicates ICE revoked his release pursuant to 8 C.F.R. § 241.4(l) because there is a

significant likelihood of removal in the reasonably foreseeable future. Thus, § 241.4(l) establishes the procedure due here. It includes this notice requirement: "*Upon revocation*, the alien will be notified of the reasons for revocation of his or her release or parole." 8 C.F.R. § 241.4(l)(1) (emphasis added). ICE did not give Munoz Cabrera the required notice "upon revocation. Instead, it gave the notice more than three months later, after Munoz Cabrera filed his habeas petition.

§ 241.4(l)(1) also requites ICE to conduct "an initial informal interview *promptly* after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." (emphasis added). If the noncitizen remains detained after the informal interview, he is entitled to a more robust custody review "approximately three months after release is revoked." 8 C.F.R. § 241.4(l)(3). Munoz Cabrera's detention exceeded three months without even the initial informal interview.

ICE failed to afford even the basic, barebones process due here. It stripped Munoz Cabrera of his liberty for more than three months with no process whatsoever. ICE cannot arrest and detain people at will, then provide the constitutionally required process only after it is challenged in court. ICE's failure to follow its own regulations warrants immediate release.

**B. *Zadvydas***

Munoz Cabrera also claims his detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future. "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Munoz Cabrera's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Munoz Cabrera has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him in 2020, and ICE has provided no plan or timetable for

removal since arresting Munoz Cabrera in January.  The burden thus shifts to the government, but it makes no attempt at rebuttal.

The Court finds no significant likelihood Munoz Cabrera will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Munoz Cabrera to "assur[e] [his] presence at the moment of removal."  *Zadvydas*, 533 U.S. at 680.  In that event, ICE must comply with procedural due process requirements.

Accordingly, it is hereby **ORDERED:**

Francisco Munoz Cabrera's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Munoz Cabrera within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record